

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00642-CV

David **RODRIGUEZ**,
Appellant

v.

Richard R. **STORM**, Jr.; H-E-B, LP; Law Office of Shelton & Valadez; Mark A. Giltner;
William Tate; and Stephen Martinez,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-13590
Honorable Mary Lou Alvarez, Judge Presiding

&

No. 04-19-00795-CV

David **RODRIGUEZ**,
Appellant

v.

**H-E-B**, Jointly and Severally; William Tate, Jointly and Severally and as employee of H-E-B,
LP; Stephen Martinez, Jointly and Severally and as employee of H-E-B, LP; Meredith Reid as
employee of H-E-B LP, Jointly and Severally; Debra Ann Godoy as employee of H-E-B, LP,
Jointly and Severally; and Mark Giltner, Jointly and Severally,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-16263
Honorable Cynthia Marie Chapa, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Patricia O. Alvarez, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed: May 6, 2020

AFFIRMED

In these consolidated appeals, David Rodriguez challenges the trial court's orders dismissing his claims in trial court cause number 2019-CI-13590 and declaring him to be a vexatious litigant subject to a pre-filing order in trial court cause number 2019-CI-16263. We affirm the trial court's orders.

## BACKGROUND

David Rodriguez filed a lawsuit in trial court cause number 2018-CI-23741 against HEB and several HEB employees asserting loss of consortium claims on his own behalf and on behalf of his minor son. The loss of consortium claims arose from emotional injuries Rodriguez's wife allegedly suffered while employed by HEB. An agreed order appointing Richard Storm, Jr. as the minor's attorney ad litem was signed on April 11, 2019, and the parties entered into a settlement and release agreement on May 22, 2019. Pursuant to the settlement and release, Rodriguez released all of his claims against all of the defendants in the pending cause, including the claims brought on behalf of his minor son, and HEB paid $6,500 to Rodriguez and $1,000 to his minor son. Both Storm and the trial court approved the settlement.

Rodriguez next sued Storm, HEB and its employees, and HEB's attorneys Shelton & Valadez and Mark Giltner in trial court cause number 2019-CI-13590 alleging claims relating to the settlement, including claims for fraud and misrepresentation. All of the defendants filed motions to dismiss Rodriguez's claims on various grounds, including section 13.001 of the Texas

Civil Practice and Remedies Code ("Code"). After a hearing, the trial court signed an order on September 13, 2019, dismissing Rodriguez's claims.[1]

Rodriguez next sued HEB, its employees, and Giltner in trial court cause number 2019-CI-16263, alleging they breached the settlement agreement and also alleging defamation claims for statements made by the defendants in various pleadings. The defendants filed a motion requesting the trial court to declare Rodriguez a vexatious litigant, require him to post security, and require him to obtain court approval before filing any future litigation. After a hearing, the trial court signed an order granting the defendants' motion. In the order, the trial court expressly found: (1) there was not a reasonable probability Rodriguez would prevail on his claims; (2) Rodriguez had commenced, prosecuted, or maintained at least five litigations as a pro se litigant in the seven-year period immediately preceding the date of the defendants' motion that had been: (a) finally determined adversely to him; (b) permitted to remain pending at least two years without having been brought to trial or hearing; or (c) determined by a trial or appellate court to be frivolous or groundless; and (3) Rodriguez had continuously attempted to re-litigate decided matters.

Rodriguez appeals both the dismissal order and the order declaring him to be a vexatious litigant. This court consolidated the appeals and ordered them to be disposed of by one opinion, judgment, and mandate.

## DISMISSAL ORDER

Rodriguez contends the trial court erred in entering the dismissal order because the only motion set for a hearing was the defendants' Rule 91a motion and the trial court did not find his claims had no basis in law or fact.

---

[1] Based on a motion to show authority, the trial court previously entered an order striking all pleadings Rodriguez filed on behalf of his minor son.

All of the defendants filed motions to dismiss asserting various grounds, including a motion to dismiss "all of Plaintiffs' claims" under section 13.001 of the Code.[2] Although Rodriguez contends the trial court's hearing was only to consider a Rule 91a motion to dismiss, the trial court's order set the hearing on "Defendants' Motion to Dismiss and Motion to Dismiss Pursuant to Rule 91a."

At the hearing, the history of the prior lawsuit and the terms of the settlement and release were detailed for the trial court. A portion of the hearing before the trial court seeking approval of the settlement was read into the record, including Rodriguez's testimony that he approved the settlement and was not aware of any fraud, duress, compulsion, or undue influence that caused him to accept the settlement. At the conclusion of the defendants' presentation and argument, the trial court clarified the defendants were moving to dismiss the cause under section 13.001(a)(2) of the Code.

In response to Rodriguez's contention that section 13.001 was not pled as a basis for the dismissal, the trial court pointed Rodriguez to the specific page of the pleading setting forth section 13.001 as a ground for dismissal. When Rodriguez argued the section 13.001 motion to dismiss was not set for the hearing, the trial court responded the motion set for the hearing encompassed section 13.001. The trial court then instructed Rodriguez to explain how his claim was not frivolous by establishing "what basis in law and fact [he] believe[d] [he] ha[d] to survive the motion to dismiss." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.001(a)(2) (authorizing dismissal of an action on a finding that "the action is frivolous or malicious"). After providing Rodriguez an opportunity to explain, the trial court verbally pronounced the motion to dismiss was granted and signed the order.

---

[2] Separate motions asserting the same ground were filed by HEB and its employees and by Shelton & Valadez and Giltner. Storm filed a pleading joining their motions to dismiss.

A trial court may dismiss an action under section 13.001 in which an affidavit of inability to pay is filed under Texas Rule of Civil Procedure 145 on a finding that "the action is frivolous or malicious."[3]  *Id*.  In determining whether an action is frivolous, a trial court may consider, among other factors, whether a claim "has no arguable basis in law or in fact."  *Id*. § 13.001(b)(2).  "The standard of review for a dismissal pursuant to section 13.001 is whether the trial court abused its discretion."  *Black v. Jackson*, 82 S.W.3d 44, 49 (Tex. App.—Tyler 2002, no pet.); *see also Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670 (Tex. App.—San Antonio 2004, no pet.) (noting abuse of discretion is standard for reviewing dismissal of frivolous lawsuits under section 13.001).  "A trial court abuses its discretion by failing to follow guiding rules and principles."  *Gunn v. McCoy*, 554 S.W.3d 645, 666 (Tex. 2018).

In his first two issues, Rodriguez contends the trial court erred in dismissing his claims because the only motion set for the hearing was a Rule 91a motion to dismiss.  Having reviewed the pleadings and the trial court's order setting the hearing, we overrule Rodriguez's issues because the record reflects the motions set for the hearing asserted section 13.001 as a ground for dismissal.

Rodriguez next contends the trial court erred in failing to file findings of fact and conclusions of law.  The only law cited by Rodriguez in support of this contention, however, is the Texas Court of Criminal Appeals' holding in *State v. Cullen*, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006), that a trial court is required to enter findings of fact and conclusions of law in ruling on a motion to suppress.  *Cullen*, however, is no authority for Rodriguez's contention that such findings and conclusions were required in this context.  *See* TEX. R. APP. P. 38.1(i) (requiring arguments in briefs to be supported by appropriate citations to authorities).  And, we note authority exists to support the absence of such a mandatory duty in ruling on a section 13.001 motion to

---

[3] The record reflects Rodriguez filed a Rule 145 statement of inability.

dismiss in this context. *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no writ). Even if the trial court was required to enter findings of fact and conclusions of law, however, such a failure does not require reversal unless Rodriguez was harmed by being required to guess at the basis for the trial court's order. *See Mora v. Mora*, No. 04-17-00428-CV, 2018 WL 4903079, at *4 (Tex. App.—San Antonio Oct. 10, 2018, pet. denied) (mem. op.). Here, the statements made by the trial court on the record established the basis for its ruling; therefore, Rodriguez was not required to guess at the basis for the ruling. Finally, the trial court was presented with the release Rodriguez signed in the prior lawsuit and the reporter's record of the hearing at which the parties sought the trial court's approval of the settlement which contained Rodriguez's testimony that he approved the settlement and was not aware of any fraud.[4] Accordingly, we hold the trial court did not abuse its discretion in granting the motion to dismiss.

## VEXATIOUS LITIGANT ORDER

Rodriguez also challenges the trial court's order declaring him to be a vexatious litigant, requiring him to post security, and requiring him to obtain court approval before filing any future litigation. Although Rodriguez presents three separate issues, all of his issues address whether the trial court abused its discretion in entering the order and whether the evidence is sufficient to support the findings made by the trial court in support of its order.

Section 11.054 of the Code contains the criteria for finding a plaintiff to be a vexatious litigant and provides, in pertinent part:

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or

---

[4] We note the release required HEB to pay Rodriguez's minor son $1,000 and to pay Rodriguez $6,500.00, and Rodriguez knew the procedural history of the lawsuit when he signed the release.

maintained at least five litigations as a pro se litigant other than in a small claims court that have been:

> (A) finally determined adversely to the plaintiff;
>
> (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
>
> (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure; [or]
>
> (2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:
>
> (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or
>
> (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined[.]

Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1)–(2). In addition, section 11.101(a) provides:

> A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge . . . if the court finds, after notice and hearing . . ., that the person is a vexatious litigant.

*Id*. § 11.101(a)

Here, the order contains all of the findings required by section 11.054. Rodriguez, however, contends the trial court abused its discretion in making the findings and the findings are not supported by sufficient evidence. We note, however, that the reporter's record of the trial court's hearing has not been filed because Rodriguez failed to pay for its preparation. We further note Rodriguez failed to pay for the preparation of the reporter's record despite orders from this court informing him that such a failure would result in this court only considering those issues that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). Because a reporter's record from the hearing is required to consider Rodriguez's issues challenging the trial court's

vexatious litigant order, we do not further address them. *Amrhein v. Bollinger*, 593 S.W.3d 398, 404 (Tex. App.—Dallas 2019, no pet.) (quoting *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied)) (holding that, without a reporter's record of the hearing resulting in a vexatious litigant order, an appellate court cannot review the trial court's order for an abuse of discretion and must presume the evidence presented was sufficient to support the trial court's order); *In re Guardianship of L.S.*, No. 14-15-00494-CV, 2017 WL 1416190, at *5 (Tex. App.—Houston [14th Dist.] Apr. 18, 2017, pet. denied) (mem. op.) (presuming evidence supported trial court's vexatious litigant determination based on absence of reporter's record); *see also In re N.M.D.*, No. 04-13-00849-CV, 2014 WL 3339627, at *2 (Tex. App.—San Antonio July 9, 2014, no pet.) (mem. op.) (noting appellate court cannot review a trial court's order for an abuse of discretion without a reporter's record); *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.) ("without a complete reporter's record, it is impossible to review all the evidence presented to the trier of fact or to apply the appropriate sufficiency standards"). The trial court's order is affirmed.

## CONCLUSION

The trial court's orders dismissing Rodriguez's claims in trial court cause number 2019-CI-13590 and declaring him to be a vexatious litigant subject to a pre-filing order in trial court cause number 2019-CI-16263 are affirmed.

Sandee Bryan Marion, Chief Justice