**In the Matter of G.M.S.**

**No. 2–98–368–CV.**

Court of Appeals of Texas,
Fort Worth.

April 29, 1999.

Rehearing Overruled June 17, 1999.

---

Charles P. Reynolds, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Lisa Haines, Assistant District Attorneys, Fort Worth, for Appellee.

Panel F: DAY, LIVINGSTON, and DAUPHINOT, JJ.

## OPINION

PER CURIAM.

Appellant G.M.S. appeals from his commitment to the custody of the Texas Youth Commission after being found to have engaged in delinquent conduct. Because the reporter's record is inaudible and cannot be prepared, we reverse and remand for a new trial.

On January 11, 1999, the court recorder informed this court that a significant portion of the recording from the trial is inaudible:

As you know, cases in the Masters' courts of the 323rd District Court are tape-recorded as allowed by the Texas Family Code unless a request is made for a court reporter. There was no such request made in this case and the case was audiotaped.

However, in listening to the tapes of the hearings in this case, I found that there were so many protracted sections of the hearings where the voices of the speakers (most notably the Respondent and the Respondent's mother) could not be heard loudly enough to be transcribed that it basically rendered transcription of the record impossible, and I'm unable to file a usable Reporter's Record in this case.

Accordingly, we sent a letter to the parties asking them to brief this court on the applicability of rule 34.6(f) in this appeal. TEX.R.APP. P. 34.6(f). After we received the responses, we abated the appeal to the trial court for a hearing on these issues. At the hearing, all parties stated that significant portions of the audiotapes were inaudible. Further, they could not agree on a complete reporter's record.

If a significant portion of the recording of the trial proceedings is inaudible, the appellant is entitled to a new trial if:

1. the appellant timely requested a reporter's record,

2. the inaudible recording occurred without the appellant's fault,

3. the inaudible portion is necessary to the appeal's resolution, and

4. the parties cannot agree on a complete reporter's record.

*See id.* It has been determined that the parties cannot agree on a record. Thus, we must examine the other requirements in turn.

■ Appellant stated in his response that he could not "defend himself on appeal without a record of his trial. The content of [appellant's] and [appellant's mother's] testimony cannot be analyzed and utilized in the appeal of the delinquency finding." We agree. Without a usable record of the testimony of these two witnesses, most notably appellant himself, there could be no meaningful appellate

review of the trial court's delinquency finding. *See generally* 6 ROY MCDONALD & ELAINE GRAFTON CARLSON, TEXAS CIVIL PRACTICE: APPEALS § 16.5 (1998). Accordingly, the inaudible portion is necessary to the appeal's resolution.

 Regarding appellant's fault in the inaudible recording, the State presents a well-crafted argument that because appellant acquiesced to having the trial taped[1] and failed to ensure that the tape was working properly, his lack of due diligence negates his right to a new trial. However, rule 13.2 clearly states that it is the court recorder's duty to "ensure that the recording system functions properly throughout the proceeding and that a complete, clear, and transcribable recording is made." TEX.R.APP. P. 13.2(a). This is a new rule in the revised appellate rules. *See id.* notes and comments. Thus, the case law cited by the State, which applies former rule 50, is inapplicable regarding appellant's complicity in the bad recording. Thus, it was not appellant's duty to make sure the recording was audible.

Finally, the State argues that because appellant did not timely request that the reporter's record be prepared, he is not entitled to a new trial. In this case, appellant's mother, as the party responsible for paying any appellate costs, filed a pauper's affidavit in which she stated she was "unable to pay for the transcription of the notes of the court reporter." The purpose of a record request is to put all parties on notice that it has been requested. All parties were on notice that a reporter's record was requested. In fact, the court recorder notified this court that he could not prepare the record because of the inaudible portions.

We recognize that if we determined appellant's failure to timely request the reporter's record did not entitle him to a new trial, we would be asked to decide an appeal without a reporter's record. Thus, we would have to give appellant an opportunity to cure the lack of a record and inform him that we would consider and decide those issues that do not require a reporter's record. *See id.* 37.3(c). If, at that point, appellant filed a request for a reporter's record, we would be in the same position as we are now—the reporter's record cannot be prepared through no fault of appellant's. Even if the reporter's record could somehow be filed after the late request was tendered, we would be required to file the record. *See id.* 34.6(b)(3). Under the unusual facts of this case and in the interest of judicial economy, we hold that appellant timely filed a request for the record to be prepared.

Accordingly, we hold that appellant is entitled to a new trial under rule 34.6(f) and reverse the trial court's judgment.

---

1. *See* TEX. FAM.CODE ANN. § 54.09 (Vernon 1996).