Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00527-CV

**WELLS FARGO BANK, N.A.**,
Appellant

v.

Terry L. **EDWARDS** d/b/a TEC,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-08688
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:  Steven C. Hilbig, Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  June 6, 2012

AFFIRMED

Wells Fargo Bank, N.A., ("Wells Fargo") filed suit against Terry L. Edwards d/b/a TEC ("Edwards") in 2008. The case was dismissed for want of prosecution in 2011 and Wells Fargo appeals.

## BACKGROUND

Wells Fargo filed suit against Edwards for breach of contract and debt related to an alleged agreement to extend Edwards a business line of credit. Wells Fargo alleged that in July

2004, the line of credit was converted to a single fully amortizing term loan that required Edwards to make payments to Wells Fargo on the principal amount of $10,564.99 at the interest rate of 9% per annum. Wells Fargo filed its suit in June 2008 and alleged Edwards was in default on the note. In November 2008, Wells Fargo filed a traditional motion for summary judgment, asserting it established as a matter of law its entitlement to recover on its claims for suit on debt and breach of contract. The motion was initially set for hearing on December 8, 2008. On December 16, 2008, Edwards filed a motion for continuance on Well Fargo's motion for summary judgment, seeking additional time to conduct discovery. He stated in his motion that the parties had agreed to reset the motion for December 22, 2008. He also filed a response to the summary judgment motion, subject to his motion for continuance. The record does not indicate whether the motion for continuance was granted, but does indicate Edwards filed a supplemental response to Wells Fargo's motion for summary judgment on October 20, 2009 and a first amended answer and demand for jury trial on October 19, 2009. The docket sheet indicates Wells Fargo's motion for summary judgment was set for hearing on October 27, 2009, but was dropped.

The motion for summary judgment was never heard, and on January 19, 2011, the trial court issued an order setting the case for dismissal for want of prosecution. The order stated Wells Fargo's lawsuit would be dismissed for want of prosecution on April 19, 2011, "unless good and sufficient cause is shown" for the retention of the suit on the docket. Wells Fargo did not appear at the hearing and the trial court entered an order stating "[i]t appearing to the court that there is good and sufficient reason for dismissal . . . of cause number 2008-CI-08688 Wells Fargo v. Terry L. Edwards for want of prosecution . . . [i]t is ordered" the case is dismissed for want of prosecution. Wells Fargo filed a verified motion to reinstate the case, in which it stated

that Wells Fargo had passed on the October 27, 2009 setting on its motion for summary judgment in order to obtain additional evidence to address Edwards's supplemental response to the motion for summary judgment. Wells Fargo also pled that in the interest of justice the case should be reinstated, asserting its failure to appear at the dismissal hearing was not intentional or due to conscious indifference, but was because counsel "inadvertently did not properly calendar the dismissal hearing." Wells Fargo urged the court to reinstate the case because it had asserted viable claims against Edwards and had incurred costs and expenses, which it claimed was "good cause to maintain [the case] on the docket." Wells Fargo also pointed out it did not have the option to refile its lawsuit because the statute of limitations had expired. There is no record of the hearing on the motion to reinstate. The trial court entered an order denying Wells Fargo's verified motion to reinstate its case and stated:

> [T]he Court finds that Plaintiff's counsel's failure to appear for the dismissal docket on April 19, 2011 was not intentional or the result of conscious indifference, but was the result of an accident that was reasonably explained. The Court further finds that Plaintiff did not show good cause as to why its case should not be dismissed.

Wells Fargo appeals the order dismissing its lawsuit for want of prosecution and the order denying its motion to reinstate.

## DISCUSSION

### *Lack of Reporter's record*

Wells Fargo contends it is entitled to a new trial because the court reporter failed to make a record of the evidentiary hearing on its verified motion to reinstate its case. Relying on Rule 13.1(a) of the Texas Rules of Appellate Procedure, Wells Fargo asserts a court reporter is required to attend court sessions and make a full record unless excused by agreement of the parties. Wells Fargo contends there was no agreement by the parties to excuse the court reporter;

therefore, the court reporter's failure to record and transcribe the hearing constitutes reversible error because it is prevented from properly presenting its case to this court. Wells Fargo asserts it first learned of the court reporter's failure to record the hearing on its motion to reinstate when it received a notification of late record from the reporter that stated there was no record made. However, Wells Fargo does not contend it requested a court reporter be present to record the proceedings at the hearing on the motion to reinstate.

We recently discussed the issue of who bears the burden on the court reporter's obligation to transcribe the record in *Sareen v. Sareen*, 350 S.W.3d 314, 316 (Tex. App.—San Antonio 2011, no pet.). In *Sareen*, we acknowledged that there is a conflict between the courts of appeal on this issue. *Id.* (*Comparing Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 161–62 (Tex. App.—Texarkana 2005, no pet.) (holding court reporter required to make full record unless excused by agreement of the parties) with *Nabelek v. Dist. Attorney of Harris Cnty*, 290 S.W.3d 222, 231–32 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding party required to request record)). The conflict arises from the different language in rule 13.1 of the Texas Rules of Appellate Procedure and section 52.046(a) of the Texas Government Code. Rule 13.1 requires a court reporter, unless excused by agreement of the parties, "attend court sessions and make a full record of the proceedings." TEX. R. APP. P. 13.1(a). There is nothing in the rule requiring a party to make a request before the court reporter is obligated to make a full record. *See id.* Section 52.046(a) of the Government Code, however, specifically states that "[o]n request," a court reporter shall attend all court sessions and transcribe the testimony. TEX. GOV'T. CODE ANN. § 52.046(a)(1), (2) (West 2005) (emphasis added). "Courts that have determined section 52.046(a) controls have reasoned that when a rule and a statute are in

conflict, the rule must fall." *Sareen*, 350 S.W.3d at 316; *see also Garza v. State*, 212 S.W.3d 503, 505 (Tex. App.—Austin 2006, no pet.).

However, in *Sareen* we did not decide whether section 52.046(a) of the Government Code and rule 13.1 of the Rules of Appellate Procedure are in conflict, or whether one trumps the other, because in *Sareen* the appellant failed to object to the court reporter's failure to comply with rule 13.1. *Sareen*, 350 S.W.3d at 316. We likewise need not decide the issue today because whether relying on rule 13.1 or section 52.046, the complaining party must have objected to the reporter's failure to record the hearing in order to preserve error. *Id*.; *see also Nabelek*, 290 S.W.3d at 231–32; *Reyes v. Credit Based Asset Servicing and Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.); *Rittenhouse*, 161 S.W.3d at 162; *Garza*, 212 S.W.3d at 505. "[T]his comports with the general rules that an appellate court may consider a case based only upon a record that shows the complaint at issue was made to the trial court by a timely request, objection, or motion." *Sareen*, 350 S.W.3d at 317.

It was Wells Fargo's burden to bring forward a record of the hearing on its motion to reinstate. *Id*. Wells Fargo concedes it did not timely request a reporter's record. However, the issue is not whether a timely request was made for the court reporter to transcribe the hearing; rather, it is whether Wells Fargo objected to the court reporter's absence at the hearing or the reporter's failure to record the hearing. The record does not reflect Wells Fargo requested a reporter to record the reinstatement hearing or that it objected to the lack of a court reporter presence at the hearing. Wells Fargo argues that "[c]ourts warn . . . that depriving Wells Fargo the right to a new trial 'because it did not file the request with the trial court clerk or based on some other imperfection with the request is to evaluate [sic] form over substance, which this Court should not do.'" Wells Fargo cites *Gavrel v. Rodriguez*, 225 S.W.3d 758, 763 (Tex.

App.—Houston [14th Dist.] 2001, pet. denied) and *In re G.M.S.*, 991 S.W.2d 923, 925 (Tex. App.—Fort Worth 1999, pet. denied) to support its argument that its failure to timely request a reporter's record should not preclude its right to a new trial. However, both cases cited by Wells Fargo are distinguishable from the present case. In *Gavrel*, the court found that a significant portion of the record necessary to the appeal's resolution had been lost through no fault of appellant. *Gavrel*, 225 S.W.3d at 763. The court held that the appellant's failure to timely request the record did not preclude his right to a new trial because, even if he had made a timely request, it would not have prevented the inaccuracies in the record. The court reversed the judgment of the trial court and remanded the case for a new trial. *Id*. In *G.M.S.*, the court held it was not the appellant's duty to ensure the recording of the hearing was audible, and because the record could not be prepared due to no fault of the appellant he was entitled to a new trial. In this case, there is no allegation the reporter's record of the motion to reinstate was lost or inaudible.

Wells Fargo did not request the court reporter to record the hearing and did not object to the reporter's failure to record a record. Neither case cited by Wells Fargo supports its argument that it is entitled to a new trial. Based on *Sareen*, we hold Wells Fargo has not preserved for our review any complaint about the court reporter's failure to record the hearing on its motion to reinstate. *See Sareen*, 350 S.W.3d at 317.

### *Failure to Reinstate*

Wells Fargo also contends the trial court erred by dismissing its case for want of prosecution because the court had notice there was a dispositive motion pending, Wells Fargo was barred by limitations to refile its case, and the case was only inactive for a period of fifteen months. The trial court's authority to dismiss for want of prosecution is derived from: (1) rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Villarreal v. San*

*Antonio Truck & Equip*., 994 S.W.2d 628, 630 (Tex. 1999). Under rule 165a, a trial court may dismiss on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court . . . ." TEX. R. CIV. P. 165a(1) & (2).[1] Additionally, "the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Villarreal*, 994 S.W.2d at 630.

We review a dismissal for want of prosecution under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *Cappetta v. Hermes*, 222 S.W.3d 160, 164 (Tex. App.—San Antonio 2006, no pet). We employ the same standard in reviewing the denial of a motion to reinstate. *Cappetta*, 222 S.W.3d at 164; *Wyatt v. Texas Okla. Express, Inc*., 693 S.W.2d 731, 732 (Tex. App.—Dallas 1985, no writ). To determine whether there is an abuse of discretion, the reviewing court must determine whether the trial court acted without reference to any guiding rules and principles. *See Morrow v. H.E.B., Inc*., 714 S.W.2d 297, 298 (Tex. 1986).

The trial court must reinstate a case upon finding, after a hearing, that the failure of the party or his attorney to either appear or prosecute the case with due diligence was not intentional or the result of conscious indifference, but was due to accident or mistake. *See* TEX. R. CIV. P. 165a(3); *Cappetta*, 222 S.W.3d at 167. A failure to prosecute

> [i]s not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake, or other reasonable explanation— negates the intent or conscious indifference for which reinstatement can be denied. Also, conscious indifference means more than mere negligence.

---

[1] The time standards for the disposition of cases, as promulgated by the Texas Supreme Court, require that district and statutory county court judges should "so far as reasonably possible ensure that all cases are brought to trial or final disposition" within 18 months from appearance date in civil jury trials and 12 months in nonjury cases. TEX. R. JUD. ADMIN. 6.

*Cappetta*, 222 S.W.3d at 167 (quoting *Smith v. Babcock & Wilcox Const. Co*., 913 S.W.2d 467, 468 (Tex. 1995)). The party requesting reinstatement has the burden to bring forth a record establishing that reinstatement was required. *Kenley v. Quintana Petroleum Corp*., 931 S.W.2d 318, 321 (Tex. App.—San Antonio 1996, writ denied).

The trial court did not state its reasons for dismissing the case, other than to state that it appeared to the court that "there is good and sufficient reason for dismissal" for want of prosecution. When the trial court's order does not state a particular reason for the dismissal, we will affirm the judgment under any applicable legal theory. *Fox v. Wardy*, 225 S.W.3d 198, 200 (Tex. App.—El Paso 2005, pet. denied) ("If the order does not specify a particular reason for the dismissal, we will affirm if any proper ground supports the dismissal."); *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (holding "[b]ecause the record does not contain findings of facts or conclusions of law, and the trial court did not specify the standard of dismissal used, we must affirm on the basis of any legal theory supported by the record"). "The trial court may consider the entire history of the case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay." *Fox*, 225 S.W.3d at 200.

Wells Fargo asserts it sought "swift disposition" of its case and there is "no argument that [its] delay was an effort 'to take advantage over its opponent by deliberate neglect and delay and a reluctance to have the merits of the case judged in a trial.'" (quoting *Valence Operating Co. v. Anadarko Petroleum Corp*., 303 S.W.3d 435, 444 (Tex. App.—Texarkana 2010, no pet)). Although the trial court found Wells Fargo's failure to appear at the dismissal hearing was not the result of conscious indifference, it did not make such a finding about whether Wells Fargo failed to diligently prosecute the case. Additionally, even if Wells Fargo's allegations in its

motion for reinstatement and the statements made in its brief accurately reflect what occurred off the record at the hearing on the motion to reinstate, allegations in a pleading or statements in a brief unsupported by the record will not be accepted by an appellate court as facts. *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 845 (Tex. App.—San Antonio 1989, writ denied). Wells Fargo failed to secure a record of the reinstatement hearing; therefore, we must indulge every presumption in favor of a trial court's rulings. *Herrera v. Rivera*, 281 S.W.3d 1, 6-7 (Tex. App.—El Paso 2005, no pet.) (holding "since there is no record before us of the motion to dismiss for want of prosecution hearing, we indulge every presumption in favor of the trial court's findings and presume that the evidence before the trial court was adequate to support its decision."); *Allen v. Bentley Labs., Inc.*, 538 S.W.2d 857, 861 (Tex. Civ. App.—San Antonio 1976, writ ref'd n.r.e.) ("We have no statement of facts of the hearing at which the trial court sustained the motions to dismiss for want of prosecution, and therefore, must presume that appellants offered no reasonable excuse . . . .").

The clerk's record indicates Wells Fargo filed its suit in 2008 and after October 2009, took no action to proceed with the case. The Texas Supreme Court's administrative order provides that district and statutory county court judges should "so far as reasonably possible ensure that all cases are brought to trial or final disposition" within 18 months from appearance date in civil jury trials and 12 months in nonjury cases. TEX. R. JUD. ADMIN. 6. Wells Fargo's suit was on file for over two and half years before it was set on the dismissal docket. We cannot say from the limited record before us that the trial court abused its discretion in dismissing the cause for want of prosecution or in denying the motion to reinstate. *See Childress v. Casa Del Mar Ass'n, Inc.*, 01-10-00913-CV, 2011 WL 5617939, at *6-7 (Tex. App.—Houston [1st Dist.] Nov. 17, 2011, no pet. h.) (mem. op.) (holding no abuse of discretion when trial court dismissed

suit for want of prosecution after only twelve months); *Douglas v. Douglas*, No. 01–06–00925–CV, 2008 WL 5102270, at *2 (Tex. App.—Houston [1st Dist.] Dec. 4, 2008, pet. denied) (mem. op.) (holding no abuse of discretion when trial court dismissed suit after eight months of no substantial activity); *Fox*, 225 S.W.3d at 200 (holding no abuse of discretion for dismissing suit after seven months); *Bard*, 767 S.W.2d at 843 (although substantial activity for two years, no abuse of discretion for dismissal after case lay dormant for seven months). Accordingly, we affirm the trial court's orders dismissing the case for want of prosecution and denying the motion to reinstate.

Steven C. Hilbig, Justice