

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00264-CV

———————————————

IN THE INTEREST OF A.B. AND A.B., Children

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-653328-18

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant B.B. (Father) appeals an order modifying his child-support obligations and confirming his arrearages. But it is undisputed that, through no fault of Father's, a reporter's record of the underlying child-support hearing is unavailable. *See* Tex. R. App. P. 34.6(f). Therefore, we will reverse and remand for a new trial.

## I. Background

The child-support order at issue was the product of an April 2024 hearing conducted by a visiting associate judge. *See generally* Tex. Fam. Code Ann. §§ 201.101–.113 (providing for associate judges in Title IV-D cases). Father appealed the order, but when it came time for him to file his appellant's brief, Father's counsel notified this court that he had not been able to obtain a reporter's record of the child-support hearing because, counsel averred, the audio recording[1] of the hearing was missing.[2] Soon thereafter, we abated the appeal for clarification of the record's status.

---

[1] If an associate judge presides over a hearing in a suit to modify a parent–child relationship, and if the hearing is neither a jury trial nor a contested final termination, then "in the absence of a court reporter or on agreement of the parties, the record may be preserved by any means approved by the associate judge," including by audio recording. Tex. Fam. Code Ann. § 201.009; *In re E.F.*, No. 02-20-00228-CV, 2020 WL 6601599, at *3 (Tex. App.—Fort Worth Nov. 12, 2020, no pet.) (mem. op.); *In re J.L.*, No. 02-20-00114-CV, 2020 WL 5242426, at *1 (Tex. App.—Fort Worth Sept. 3, 2020, no pet.) (mem. op.).

[2] Father's counsel supported his representations with evidence, and he averred that both he and Wife's counsel had urged the trial court to "transmit to [this court] the fact that the records [we]re currently missing."

On abatement, the trial court conducted a hearing regarding the reporter's record. It questioned not only the attorneys who had been present at the child-support hearing but also the visiting associate judge who had presided and the court coordinator. Neither the visiting associate judge nor Wife's counsel recalled whether a record of the child-support hearing had been requested or made, but counsel for the Office of the Attorney General (OAG) testified that he "d[id] believe [he had] request[ed] a record," that he "d[id]n't think [he] was the only one" who had done so, and that he recalled "the judge doing things consistent with [a record being made]," such as waiting to take actions until they were on the record. Father's counsel, too, testified that he remembered a record being requested, and he stated that "there was an audio device that was placed in front of [the] bench . . . that [he believed to be] recording the hearing that was occurring."[3] Yet, the court coordinator stated that, upon receiving a request for the recording of the child-support hearing, she had diligently and repeatedly searched for it, but she found nothing.[4]

At the end of the abatement hearing, the trial court concluded that, "while it appears that a record was requested and there was a possible attempt to make a

---

[3]Wife's counsel and Father's counsel both confirmed that exhibits had been admitted at the child-support hearing, but the court coordinator and visiting associate judge stated that they had not been able to locate any exhibits. Regardless, the trial court did not make findings regarding missing exhibits.

[4]The visiting associate judge similarly testified that she had searched for notes or exhibits from the hearing but found nothing.

recording, a record was not made." Then, after the appeal was abated a second time, the court further found that "[a]ll three attorneys [i.e., Father's, Mother's, and OAG's] were in agreement that the record could not be replaced by agreement."[5]

## II. Discussion

Father indicates his desire to appeal the evidentiary sufficiency of the child-support order, but given the state of the record, he instead raises a single issue requesting a new trial under Texas Rule of Appellate Procedure 34.6(f).

Rule 34.6(f) provides that an appellant "is entitled to a new trial" if four conditions are met:

> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, . . . a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed . . . ;
>
> (3) if the lost [or] destroyed . . . portion of the reporter's record . . . is necessary to the appeal's resolution; and
>
> (4) if the lost [or] destroyed . . . portion of the reporter's record cannot be replaced by agreement of the parties . . . .

Tex. R. App. P. 34.6(f) (indentation altered). The trial court's findings—and the evidence supporting them[6]—confirm that Father meets these four conditions:

---

[5]The three attorneys noted the length of the hearing, the multiple exhibits admitted, and the various objections raised.

[6]Generally, we review a trial court's Rule 34.6(f) findings for an abuse of discretion. *See In re A.C.J.*, No. 05-21-00977-CV, 2022 WL 1222677, at *2 (Tex.

4

- Both Father's counsel and OAG's counsel testified that a record of the child-support hearing had been requested, and the trial court found as much.[7] The court coordinator acknowledged that she had received a request for a copy of the audio recording.[8] *See* Tex. R. App. P. 34.6(a)(2) (clarifying that, when a

App.—Dallas Apr. 26, 2022, no pet.) (mem. op.); *In re J.T.*, No. 02-20-00056-CV, 2020 WL 2073749, at *2 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (mem. op.).

[7]Father's brief, OAG's stipulation, and the trial court's findings all implicitly construe Rule 34.6(f)(1)—the requirement that "the appellant ha[ve] timely requested a reporter's record"—as referring to Father's pre-hearing request that a record be taken, as opposed to his post-hearing request that the court reporter prepare a designated portion of the record for the appellate court. *But see A.C.J.*, 2022 WL 1222677, at *2 (holding Rule 34.6(f)(1) satisfied by appellant's timely request for preparation of reporter's record for appeal); *Coplin v. Mann*, 622 S.W.3d 586, 590 (Tex. App.—Texarkana 2021, no pet.) (similar); *J.T.*, 2020 WL 2073749, at *1 (similar).

[8]The clerk's record does not contain Father's request for preparation of the reporter's record. *Cf.* Tex. R. App. P. 34.6(b)(2) (requiring request for reporter's record to be filed with the trial court clerk). However, Mother and OAG have not disputed Father's satisfaction of Rule 34.6(f)(1), nor have they challenged Father's record request as untimely, deficient, or otherwise flawed.

And even if Father's record request was flawed, denying Father a new trial based on such unchallenged flaws—despite OAG's agreement that he is entitled to a new trial—would "elevate form over substance." *Gavrel v. Rodriguez*, 225 S.W.3d 758, 763–64 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (holding appellant was entitled to a new trial despite untimeliness of record request and explaining that a timely request "would not have prevented the loss of testimony"); *see In re K.R.M.*, No. 11-11-00312-CV, 2012 WL 1143800, at *1 (Tex. App.—Eastland Apr. 5, 2012, no pet.) (mem. op.) (holding that OAG's untimely record request was nonetheless sufficient for purposes of Rule 34.6(f)); *Villagomez Invs., L.L.C. v. Magee*, 294 S.W.3d 687, 689 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (holding appellant was entitled to a new trial and noting that, although Rule 34.6(b) requires a record request to be filed with the clerk, "subpart (f) . . . makes no mention of such a requirement to obtain a new trial"); *see also Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (relaxing dictates in another subsection of Rule 34.6 and noting that "[o]ur appellate rules are designed to further the resolution of appeals on the merits" and must be "interpret[ed,] . . . when possible, to achieve that aim"). "The purpose of a record request is to put all parties on notice that it has been requested," and here, all parties were on notice of Father's request, as it was discussed in each of his three motions for

5

proceeding is electronically recorded, "the reporter's record consists of certified copies of all tapes or other audio-storage devices on which the proceedings were recorded, any of the exhibits that the parties to the appeal designate, and certified copies of the logs prepared by the court recorder"); *see also* Tex. R. App. P. 34.6(f)(1).

- There is neither allegation nor evidence that Father was at fault for the record's absence. *See* Tex. R. App. P. 34.6(f)(2). Rather, the trial court found that, although "there was a possible attempt to make a recording [of the child-support hearing], a record was not made."[9] The court elaborated on this finding at the close of the abatement hearing, commenting that "whether it was based on mechanical error or a user error, it appears that a record actually was not made." *See* Tex. R. App. P. 13.2 (listing duties of court recorder including duty to "ensure that the recording system functions properly," that "a complete . . . and transcribable recording is made," and that "the original recording [is] stored to ensure that it is preserved and is accessible"); *Coplin*, 622 S.W.3d at 588–91 (reversing and remanding for new trial when a portion of appellant's testimony was missing from audio recording due to malfunction or delay in activating the recording equipment).

- The missing record is vital to the resolution of Father's desired sufficiency complaint, as we are "unable to review [a] legal [or factual] sufficiency complaint without a reporter's record." *In re B.Q.L.*, No. 05-21-01108-CV, 2023 WL 2364971, at *1 (Tex. App.—Dallas Mar. 6, 2023, no pet.) (mem. op.)

---

extensions of time to file his brief. *See In re G.M.S.*, 991 S.W.2d 923, 925 (Tex. App.—Fort Worth 1999, pet. denied) (per curiam) (acknowledging lack of timely record request but noting that "[a]ll parties were on notice that a reporter's record was requested," reasoning that appellant would be entitled to an opportunity to cure deficiencies if court were to resolve appeal on that basis, and concluding in the interest of judicial economy that appellant had sufficiently satisfied Rule 34.6(f)(1)).

[9]Father observes that "the trial court's finding[] that no recording was made . . . rests entirely on speculation," as the evidence "supports [multiple] equally plausible inferences" about what happened. We agree. However, we also agree with Father that the unsupported aspects of this finding are immaterial because, one way or another, the record was lost or destroyed or is inaudible. *See* Tex. R. App. P. 34.6(f)(3); *Coplin*, 622 S.W.3d at 590 (holding that, when "a portion of [the appellant's] trial testimony was not recorded" due to a "delay in activating the recording system," the testimony was "'lost' for purposes of Rule 34.6(f)").

6

(holding appellant entitled to new trial under Rule 34.6(f)); *see Coplin*, 622 S.W.3d at 591 (holding missing portion of trial testimony was necessary for review of sufficiency complaint, satisfying Rule 34.6(f)(3)); *In re K.G.*, No. 02-10-00057-CV, 2010 WL 5019198, at *1 & n.2 (Tex. App.—Fort Worth Dec. 9, 2010, no pet.) (per curiam) (mem. op.) (holding appellant was entitled to a new trial under Rule 36.4(f) and noting that appellate court could not conduct a meaningful review of sufficiency challenges when recording was inaudible); *see also* Tex. R. App. P. 34.6(f)(3).

- The parties agreed, and the trial court found, that the missing reporter's record could not be replaced by agreement. *See* Tex. R. App. P. 34.6(f)(4).

Mother has not responded to, refuted, or denied any of the above evidence or findings. OAG, meanwhile, has stipulated to the material facts and to Father's entitlement to a new trial.

Because the evidence, undisputed facts, and trial court findings confirm that Father satisfies Rule 34.6(f)'s four conditions, we sustain his sole issue. *See B.Q.L.*, 2023 WL 2364971, at *1–3 (reversing and remanding for new trial under Rule 34.6 when record of trial was missing); *J.T.*, 2020 WL 2073749, at *2 (reversing and remanding for new trial under Rule 34.6 when significant portion of electronically recorded record was missing).

### III. Conclusion

Father "is entitled to a new trial" under Rule 34.6(f).  Tex. R. App. P. 34.6(f).

We thus reverse the child-support order and remand the case for a new trial.  *See* Tex.

R. App. P. 43.2(d).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  June 12, 2025