*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# OPINION

No. 04-10-00753-CV

Rajeev **SAREEN**,
Appellant

v.

Anjana **SAREEN**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-00318
Honorable Larry Noll, Judge Presiding

Opinion by:　Marialyn Barnard, Justice

Sitting:　　　Karen Angelini, Justice
　　　　　　　Steven C. Hilbig, Justice
　　　　　　　Marialyn Barnard, Justice

Delivered and Filed:　July 13, 2011

AFFIRMED

This is an appeal from a final decree of divorce. On appeal, appellant Rajeev Sareen contends the trial court erred by: (1) awarding appellee Anjana Sareen spousal maintenance because the evidence was insufficient to support the award; (2) awarding Anjana attorney's fees because the evidence was insufficient to establish the fees were incurred for enforcement of child support; and (3) ordering him to pay child support of $2,500.00 a month because the evidence

was insufficient to establish the child's needs required support above the "presumptive amount." We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the underlying facts is unnecessary to our disposition of this appeal. We therefore provide a brief outline of the facts for context. Rajeev and Anjana Sareen were married for twenty-eight years before Anjana filed for divorce. After a bench trial, the trial court:

- Granted a divorce;

- Named Rajeev and Anjana joint managing conservators of their minor child, with Anjana having the right to determine the child's primary residence;

- Awarded Rajeev standard possession;

- Ordered Rajeev to pay child support in the amount of $2,500.00 per month;

- Divided the martial estate, finding Rajeev committed waste upon the community estate, engaged in constructive fraud toward Anjana, breached his fiduciary duty to Anjana, and "granted excessive gifts to others, including paramours;"

- Ordered Rajeev to pay Anjana spousal maintenance pursuant to Chapter 8 of the Texas Family Code; and

- Ordered Rajeev to pay attorney's fees in the amount of $80,000.00 to Anjana's trial counsel, finding $40,000.00 of the attorney's fees were for securing and collecting child support, and were therefore assessed as additional child support subject to collection by a motion to enforce.

The trial court also awarded appellate attorney's fees to Anjana's counsel in the event Rajeev was unsuccessful in appeals to the court of appeals and the Texas Supreme Court. After the trial court rendered its judgment, Rajeev perfected this appeal.

## ANALYSIS

In each of his issues, Rajeev has challenged the trial court's decisions on spousal maintenance, child support, and attorney's fees based on an absence of sufficient evidence.

Given his issues, we must discuss the state of the appellate record, specifically the reporter's record. We are confronted with the question of how our review of Rajeev's issues should proceed in the face of an incomplete reporter's record.[1]

In her brief, Anjana asserts certain testimony received by the trial court, specifically Rajeev's testimony and that of accountant Janet Burns, was not transcribed. We have reviewed the reporter's record filed in this court, and based on statements made therein, we agree. There are multiple references in the existing reporter's record to Rajeev's testimony and to that of the accountant. From these references, it is clear the unreported testimony occurred before the only testimony which does appear in the record, i.e., Anjana's testimony. At the conclusion of each volume of the reporter's record, the court reporter averred he had transcribed all evidence for which he received an oral or written request. Clearly, both Rajeev and Burns testified, but apparently no one requested their testimony be transcribed.

Although this appeal has been pending in this court for several months and Anjana pointed out the absence of the testimony in her appellee's brief, Rajeev has not made any attempt to bring the missing testimony before this court, nor has he provided any explanation for the missing evidence by way of motion or reply brief. Nor has Rajeev alleged error based on inaccuracies in the reporter's record or a lost or destroyed record. *See* TEX. R. APP. P. 34.6(e) (governing inaccuracies in the reporter's record); TEX. R. APP. P. 34.6(f) (governing lost or destroyed reporter's record).

---

[1] This appeal does not involve a partial reporter's record. *See* TEX. R. APP. P. 34.6(c). Here, portions of the reporter's record were simply not transcribed, and pursuant to the reporter's verification, not requested for transcription. Thus, rule 34.6(c) simply does not apply, and our analysis of this appeal does not pertain to appeals brought pursuant to rule 34.6(c). In an appeal involving a partial reporter's record, appellant simply requests that only part of the reporter's record be filed in the appellate court. *Id*. In such cases, if the appellant complies with the rule governing partial reporter's records, i.e., the appellant requests a partial record and includes in the request a statement of the issues to be presented on appeal, we assume the partial reporter's record constitutes the entire reporter's record unless the appellee requests supplementation and obtains it. *Id*.

There is a conflict between the courts of appeals as to who bears the burden on the court reporter's obligation to transcribe the record. *Compare, e.g., Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 161-62 (Tex. App.—Texarkana 2005, no pet.) (holding court reporter required to make full record unless excused by agreement of the parties) *with Nabelek v. Dist. Attorney of Harris County*, 290 S.W.3d 222, 231-32 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding party required to request record). The conflict in authority results from a conflict between rule 13.1 of the Texas Rules of Appellate Procedure and section 52.046(a) of the Texas Government Code. Rule 13.1 of the Texas Rules of Appellate Procedure requires a court reporter, unless excused by agreement of the parties, "attend court sessions and make a full record of the proceedings." TEX. R. APP. P. 13.1(a). There is nothing in the rule requiring a party make a request before the court reporter is obligated to make a full record. *See id.* Section 52.046(a) of the Government Code, however, specifically states that *"[o]n request,"* a court reporter shall attend all court sessions and transcribe the testimony. TEX. GOV'T. CODE ANN. § 52.046(a)(1), (2) (West 2005) (emphasis added). Courts that have determined section 52.046(a) controls have reasoned that when a rule and a statute are in conflict, the rule must fall. *See, e.g., Garza v. State*, 212 S.W.3d 503, 505 (Tex. App.—Austin 2006, no pet.).

However, we need not decide whether section 52.046(a) of the Government Code and rule 13.1 of the Rules of Appellate Procedure are in conflict, or whether one trumps the other because in this case: (1) Rajeev does not assert error based on the court reporter's alleged failure to record his testimony and that of the accountant; and (2) Rajeev did not object to the court reporter's failure to comply with rule 13.1. The courts that have addressed the issue, whether relying on rule 13.1 or section 54.046, have held the complaining party must have objected to the reporter's failure to transcribe the missing testimony in order to preserve the complaint for

appellate review. *See*, *e.g.*, *Nabelek*, 290 S.W.3d at 231-32; *Reyes v. Credit Based Asset Servicing and Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.); *Rittenhouse*, 161 S.W.3d at 162; *Garza*, 212 S.W.3d at 505. As this court held in *Reyes*, this comports with the general rules that an appellate court may consider a case based only upon a record that shows the complaint at issue was made to the trial court by a timely request, objection, or motion. 190 S.W.3d at 740 (citing TEX. R. APP. P. 33.1(a)). Accordingly, we hold Rajeev has not preserved for our review any complaint that the court reporter failed to record the missing testimony.

So what is there to review in this case given the missing testimony? It is the appellant's burden to bring forward an appellate record showing reversible error by the trial court. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). And, unless the rules regarding a partial reporter's record apply, which they do not in this case, the reviewing court must presume the evidence presented in the record is legally and factually sufficient to support the order or judgment at issue. *See Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). This is because without a complete reporter's record, it is impossible to review all the evidence presented to the trier of fact or to apply the appropriate sufficiency standards. *See Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968). In *Kennedy*, the supreme court held that when the complaint is that the evidence is legally or factually insufficient to support a vital finding of fact, or that the evidence refutes such a finding, a complete record or an agreed statement of facts is necessary. *Id.*

All of Rajeev's complaints are based on an alleged insufficiency of evidence, and we do not have a complete reporter's record in this case. We must therefore presume the evidence was legally and factually sufficient to support the trial court's findings on spousal support, child support, and attorney's fees. Rajeev's issues are overruled.

## CONCLUSION

The reporter's record in this case does not include the testimony of two witnesses. The court reporter averred he transcribed all the testimony that was requested. This is not an appeal involving the rules applicable to partial reporter's records. Rajeev has not complained, and has not preserved for review any complaint, regarding the missing testimony. All of Rajeev's issues are based on his contention that the evidence was insufficient to support the trial court's decisions with regard to spousal maintenance, child support, and attorney's fees. Presuming, as we must, that the missing portions of the record support the trial court's findings, we affirm the trial court's judgment.

Marialyn Barnard, Justice