

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00191-CV

Noe **GARCIA**, Rosa Garcia, Maria G. Ruel, Unknown Heirs of Conrado Ruben Garcia,
Gloria G. Valdez, Eddie Garcia, Saul Flores, Stella Shull, Joel Flores, Hector Flores,
and Oscar Flores, et al.,
Appellants

v.

Anna Maria **SALAZAR** and Carlos Abel Salazar,
Appellees

From the 218th Judicial District Court, La Salle County, Texas
Trial Court No. 13-09-00220-CVL
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  September 5, 2018

AFFIRMED

The appellants contend the trial court erred in entering the judgment in the underlying cause

"because it is based on a mediated settlement agreement which lacked consent of all Appellants."

The appellants also contend the judgment should be reversed because no reporter's record was

made of the trial proceedings.  We affirm the trial court's judgment.

**BACKGROUND**

The appellants sued the appellees seeking to remove a cloud placed on their property by the appellees. The appellees filed an answer and counterclaims seeking a declaration that they own the property.

On September 22, 2017, a mediator filed a report stating all of the parties engaged in mediation on September 21, 2017, and entered into a mediated settlement agreement resolving all issues in controversy. A copy of the mediated settlement agreement was attached to the mediator's report.

On October 25, 2017, the appellees amended their pleadings to add a claim for breach of contract, asserting the appellants had breached the mediated settlement agreement. The appellees also filed a motion to enforce the mediated settlement agreement asking the trial court to enter a judgment enforcing the terms of the agreement.

On December 12, 2017, the trial court signed a judgment stating a hearing was held on the appellees' motion that day. The judgment states the appellants and the appellees appeared by and through their attorneys of record, and the trial court considered "the Motion, the evidence presented and the argument of counsel." Noting the appellees sought to enforce the mediated settlement agreement by breach of contract, the judgment also states:

> After considering the pleadings and official records on file in this cause, the evidence presented, and the parties' arguments, the Court finds that the parties participated in good faith in a court ordered mediation on September 21, 2017 and the parties came to an agreement that resolved all disputes between them.

The judgment further states:

> The Court further finds that the Settlement Agreement is enforceable as a contractual agreement between the parties.

> After considering the pleadings and official records on file in this cause, the evidence presented, and the parties' arguments, the Court renders the following judgment:

The Settlement Agreement is enforceable as a contractual agreement between the parties.

The judgment then awards interests in the property to the appellants and the appellees based on the terms of the settlement agreement.

On January 11, 2018, the appellants filed a motion for new trial asserting two individuals signed the mediated settlement agreement on behalf of others without any authority. Specifically, the motion for new trial asserted the individuals purported to have powers of attorney to sign on behalf of others, but no such authority existed. No hearing was set on the motion for new trial which was overruled by operation of law. Appellants then filed their notice of appeal.

## REPORTER'S RECORD

In appellants' second issue, they contend the trial court's judgment must be reversed because no reporter's record was made of the trial proceedings.

Although a conflict exists between the courts of appeal "as to who bears the burden on the court reporter's obligation to transcribe [a] record," this court has held "the complaining party must have objected to the reporter's failure to transcribe the missing testimony in order to preserve the complaint for appellate review." *Sareen v. Sareen*, 350 S.W.3d 314, 316 (Tex. App.—San Antonio 2011, no pet.). "[T]his comports with the general rules that an appellate court may consider a case based only upon a record that shows the complaint at issue was made to the trial court by a timely request, objection, or motion." *Id.*

In this case, the trial court's judgment recites that the appellants appeared at the hearing through their attorney of record; however, the record does not show any objection was made to the absence of a court reporter or to the failure to make a record. Accordingly, the appellants have not preserved the complaint made in their second issue for our review. *See id.* Appellants' second issue is overruled.

**ENTRY OF JUDGMENT**

In their first issue, the appellants contend the trial court erred in entering the judgment "because it is based on a mediated settlement agreement which lacked consent of all Appellants." Appellants rely on the affidavits attached to their motion for new trial which state two individuals were not authorized to sign on behalf of some of the parties to the mediated settlement agreement.

A trial court cannot render an agreed judgment after a party has withdrawn his consent to a settlement agreement. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *Gamboa v. Gamboa*, 383 S.W.3d 263, 269 (Tex. App.—San Antonio 2012, no pet.). However, "this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement." *Padilla*, 907 S.W.2d at 461. In such a case, "the party seeking enforcement must pursue a separate breach-of-contract claim, which is subject to the normal rules of pleading and proof." *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *see also Gamboa*, 383 S.W.3d at 269.

"Where the settlement dispute arises while the trial court has jurisdiction over the underlying action, a claim to enforce the settlement agreement should, if possible, be asserted in that court under the original cause number." *Mantas*, 925 S.W.2d at 658. Seeking to enforce a settlement agreement by filing a motion to enforce in the pending cause while the trial court has jurisdiction is a proper procedure to follow. *Matinee Media Corp. v. Falcon*, No. 04-12-00133-CV, 2012 WL 3104530, at *3 (Tex. App.—San Antonio Aug. 1, 2012, no pet.).

In this case, the appellees amended their pleadings to assert a breach of contract claim, and they also filed a motion to enforce the settlement agreement. Although the appellants assert the agreement was signed by two individuals on behalf of others for whom they did not have authority to sign, the judgment states the trial court considered the evidence presented and found the settlement agreement was an enforceable contract. Thus, the record reflects the trial court

conducted an evidentiary hearing, which was akin to a bench trial, while the trial court had jurisdiction to enter a judgment on appellees' breach of contract claim. Therefore, the trial court did not err in entering the judgment. The appellants' first issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice