**Opinion issued December 10, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00732-CV

————————————

**JOSE ANGEL LANDAVERDE, Appellant**

**V.**

**JOE D. GUTIERREZ, Appellee**

---

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1139863**

---

## MEMORANDUM OPINION

In this forcible detainer action, the appellant, Jose Angel Landaverde, challenges the judgment of County Civil Court at Law No. 1, awarding possession of a certain apartment to the appellee, Joe D. Gutierrez. On appeal, Landaverde asserts that the county civil court at law erred in awarding possession to Gutierrez.

Because the clerk's record does not support Landaverde's claims, and there is no reporter's record of the proceedings, we presume that the evidence supported the court's judgment. We affirm.

**Background**

In January 2018, Gutierrez, as the lessor, and Landaverde, the lessee, entered into a month-to-month lease for a property described as "8122 Lynn St. Apt. 7" (Apartment 7). Landaverde was obligated to pay $550 per month in rent, due on the 5th of each month, and was responsible for damages he caused and for upkeep of the premises. The lease for Apartment 7 stated that it could be "terminated at any time by either party hereto by giving the other party not less than one full month's prior notice in writing."

Landaverde's pleadings assert that in June 2019, he asked Gutierrez for permission to move to Apartment 4, and Gutierrez agreed. Nothing in the clerk's record indicates that the parties had a written lease or other agreement regarding Apartment 4. The parties' pleadings then contain contradictory accounts of subsequent events. Landaverde alleged that after he moved into Apartment 4, he realized the apartment was in terrible condition and needed extensive repairs. Landaverde alleged that he discussed the condition of Apartment 4 with Gutierrez and requested that Gutierrez make repairs, and, in retaliation for requesting these

2

repairs, Gutierrez sought to evict him.[1] Gutierrez, on the other hand, alleged that neither Apartment 4 nor Apartment 7 had been in a state of disrepair prior to Landaverde's living there. To the extent there had been damage, Gutierrez alleged that it had been done by Landaverde. Gutierrez further alleged that Landaverde had failed to make rental payments and that Landaverde had made threats to other tenants on the premises, causing Gutierrez to initiate eviction proceedings.

The clerk's record contains a notice dated June 17, 2019, giving Landaverde notice to vacate Apartment 4 and stating that the "owner want[s] possession." Gutierrez filed his eviction petition in the justice of the peace court on July 22, 2019. The case was then appealed to county civil court at law for a de novo trial. *See Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) ("A forcible detainer suit may be appealed to the county court for a de novo review.").

On September 24, 2019, the county civil court at law awarded Gutierrez possession of Apartment 4. The court reporter notified this Court that no reporter's record was made of the proceedings in the county civil court at law. This appeal followed.

---

[1] Landaverde also filed a counter-petition seeking money damages; however, the sole issue in a forcible detainer action is who has the right to immediate possession of the premises. *See Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 919 (Tex. 2013).

## Forcible Detainer

Forcible detainer actions are "intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property," and, thus, "[t]he only issue in a forcible detainer action is the right to actual possession of the premises." *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (quoting *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)). "The judgment in a forcible detainer action is a final determination only 'of the right to immediate possession,'" but it is not "a final determination of whether the eviction is wrongful. . . ." *Id.*

In his sole issue on appeal, Landaverde asserts that the county civil court at law abused its discretion in awarding Gutierrez possession of the premises. He argues that Gutierrez failed to provide the notice required by the Property Code,[2] that Gutierrez waived the right to evict Landaverde, and that the eviction proceeding was an illegal act of retaliation based on Landaverde's request that Gutierrez repair

---

[2]    Landaverde cites, in part, Property Code section 91.001, which governs notice required in forcible detainer actions when a landlord files suit on the grounds that the tenant is holding over beyond the end of the rental term or renewal period. *See* TEX. PROP. CODE § 91.001. Gutierrez did not allege that Landaverde was holding over beyond the end of the rental term or renewal period. Landaverde also cites section 24.005(a), which requires that a landlord to give a tenant who defaults or holds over beyond the end of the rental term at least three days' written notice to vacate the premises before filing a forcible detainer action "unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." *Id.* § 24.005(a). The written notice to vacate in the record is dated more than thirty days before the date the petition for eviction was filed.

the property. He cites the evidence he presented at the trial in support of his arguments, and he argues that Gutierrez committed perjury in the trial court. However, there is no reporter's record in this case.

When there is no reporter's record, we indulge every presumption in favor of the trial court's findings. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Curry v. Tex. Dep't of Public Safety*, 472 S.W.3d 345, 350 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see also Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) ("The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment."); *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.) ("[W]ithout a complete reporter's record, it is impossible to review all the evidence presented to the trier of fact or to apply the appropriate sufficiency standards."); *Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order.").

Nothing in the clerk's record supports Landaverde's claim that he did not receive notice to vacate. The record contains a notice dated June 17, 2019, more than thirty days before Gutierrez filed the underlying eviction petition, and Landaverde's own answer and other pleadings acknowledge that he actually received this notice

5

on that day. Because there is no reporter's record, we must presume that the testimony and other evidence presented to the county court at law was sufficient to support the court's order awarding possession of the premises to Gutierrez. *See Bryant*, 972 S.W.2d at 31; *Willms*, 190 S.W.3d at 803. Without a record it is impossible for this Court to review the sufficiency of the evidence supporting Landaverde's remaining claims contesting the notice, asserting that Gutierrez waived his right to evict Landaverde, or seeking relief on the basis that the eviction was retaliatory in nature. *See Sareen*, 350 S.W.3d at 317.

We overrule Landaverde's sole appellate issue.

## Conclusion

We affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists of Justices Keyes, Hightower, and Countiss.