

# NUMBER 13-19-00596-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TREVOR NIKOS KOCAOGLAN
AND PABLO TREJO,                                                    Appellants,

v.

LAW OFFICE OF CHRIS SANCHEZ, P.C.,                                 Appellee.

**On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides**

By three issues, appellants Trevor Nikos Kocaoglan and Pablo Trejo appeal the

trial court's denial of their motion to dismiss under the Texas Citizen's Participation Act

(TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. Appellee the Law Office

of Chris Sanchez (Sanchez) sued Kocaoglan and Trejo after appellants published

negative online reviews of Sanchez on the law office's Google website. Kocaoglan and Trejo allege that the trial court erred: (1) by failing to grant their motion to dismiss; and (2–3) because Sanchez presented insufficient evidence to support the denial of the motion to dismiss. We affirm.

## I. BACKGROUND[1]

Kocaoglan hired Sanchez to represent him in a lawsuit regarding Kocaoglan's vehicle. The vehicle had caught on fire when Kocaoglan's family was inside and he wanted to sue the vehicle's manufacturer.

In his brief, Sanchez stated that he contacted an expert witness to come inspect Kocaoglan's vehicle along with an expert witness from the manufacturer. Based on Sanchez's expert's opinion that the vehicle had been previously repaired by someone other than the manufacturer, Sanchez decided that recovery was unlikely and withdrew from representing Kocaoglan.

According to Sanchez, after he withdrew from the lawsuit, Kocaoglan left "multiple negative reviews" on the law firm's Google page under different aliases. Trejo also left a negative Google review about Sanchez, even though he was not a past client and supposedly only had one phone conversation with Sanchez when Trejo answered Kocaoglan's phone during a work shift. The reviews stated that Sanchez was a "drunk" and "incompetent in federal court." In his petition, Sanchez listed his cause of action as "defamation-libel" and described other harassing behavior he attributed to Kocaoglan.

---

[1] Kocaoglan and Trejo's motion to strike Sanchez's brief and motion for monetary sanctions that were previously carried with the case are both denied.

Kocaoglan and Trejo answered with a general and specific denial and filed a motion to dismiss Sanchez's case under the TCPA. In their motion to dismiss, Kocaoglan and Trejo asked for:

> . . . the matter [to] be dismissed with prejudice, that [Kocaoglan and Trejo] recover their damages and attorney's fees, that [Sanchez] be sanctioned for [his] conduct, that [Sanchez] be liable for pre-judgment and post-judgment interests, all costs of court, and for all other and further relief, either at law or in equity, to which [Kocaoglan and Trejo] show themselves justly entitled.

Following a hearing where at least Kocaoglan and Trejo testified, the trial court issued the following order on October 29, 2019:

> On October 23, 2019, came to be heard the [Kocaoglan and Trejo's] Motion to Dismiss. After listening to arguments of counsel and after reviewing evidence presented, the Court is of the opinion that the Motion should be DENIED.
>
> IT IS ORDERED AND DECREED that the Motion to Dismiss is DENIED.

Later that same day, Sanchez filed a motion requesting to non-suit all claims against Kocaoglan and Trejo with prejudice. The trial court granted the motion to non-suit on October 30, 2019, and dismissed the lawsuit "in its entirety with prejudice."

> Kocaoglan and Trejo filed a notice of appeal which they limited to:
>
> Did the trial court err in failing to grant Defendants' anti-slaap [sic] motion?
>
> Did the trial court err in failing to grant Defendants' anti-slapp motion because no evidence and/or insufficient supports the trial court's denial?
>
> Did the trial court err in failing to grant Defendants' anti-slaap [sic] motion because Plaintiff failed to present sufficient evidence to permit the matter to proceed?

3

## II.    NON-SUIT

We first address the law regarding a non-suit to determine if that factors into this appeal. Rule 162 of the rules of civil procedure states:

> At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.
>
> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

TEX. R. CIV. P. 162. "The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020) (per curiam) (quoting *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990)).

> To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it.

*BHP Petroleum*, 800 S.W.2d at 804. A plaintiff's non-suit "moots his case" by "extinguishing a case or controversy," but the non-suit is not merely the end of the case. *Morath*, 601 S.W.3d at 788. "It is the end of the Court's power to decide the case, assuming there are no claims for relief against the non-suiting party." *Id.*; *Klein v Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010) (holding that after non-suit in the trial court,

4

"there was no live controversy for the court of appeals to decide."). A plaintiff's total abandonment of their claims for relief "extinguishes" jurisdiction. *Morath*, 601 S.W.3d at 788. "We are obligated to consider our jurisdiction at all times, and we will not ignore the obvious cessation of it merely because the rules of appellate procedure do not explicitly designate a procedural mechanism for non-suits during interlocutory appeals." *Id.* at 789; *see In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (per curiam); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

### III.    TCPA MOTION TO DISMISS

Kocaoglan and Trejo's limited issues on appeal address the sufficiency of the evidence presented relating to the motion to dismiss.

### A.    Standard of Review

"The Texas Citizen's Participation Act (TCPA) protects citizens who [associate], petition or speak of matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. That protection comes in the form of a special motion to dismiss, subject to an expedited review, for "any suit that appears to stifle the defendant's" exercise of those rights. *In re Lipsky*, 460 S.W.3d at 584. We review a trial court's ruling on a TCPA motion to dismiss de novo. *Lane v. Phares*, 544 S.W.3d 881, 886 (Tex. App.—Fort Worth 2018, no pet.). Specifically, we consider de novo whether each party has met its respective burden under the Act's dismissal mechanisms. *Grant v. Pivot Tech. Solutions, Ltd.*, 556 S.W.3d 865, 873 (Tex. App.—Austin Aug. 3, 2018, pet. denied). To the extent that resolution of the appeal turns on construction of the TCPA, we

5

review that de novo as well. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). When construing the TCPA, as with any other statute, our objective is to give effect to the legislative intent, looking first to the statute's plain language. *Id.* If that language is unambiguous, "we interpret the statute according to its plain meaning." *Id.* Also, we construe the TCPA "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b).

**B.      Applicable Law**

Section 27.003 of the TCPA provides that a party may move to dismiss a legal action that "is based on, relates to, or is in response to [that] party's exercise of" one of three rights: free speech, petition, or association. *Id.* § 27.003(a). Reviewing a TCPA motion to dismiss requires a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). As a threshold matter, the moving party must show by a preponderance of the evidence that the TCPA properly applies to the legal action against it. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *Kassab v. Pohl*, __ S.W.3d__, __, 2020 WL 5552459, *3 (Tex. App.—Houston [1st Dist.] Sept. 17, 2020, no pet. h.). If the moving party meets that burden, the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *In re E.I. DuPont de Nemours & Co*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam). If the nonmoving party satisfies that requirement, the burden finally shifts back to the moving party to prove each essential element of any valid defenses by a preponderance of the evidence. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

6

A nonmovant plaintiff can avoid the TCPA's burden-shifting requirements by showing that one of the TCPA's several exemptions apply. *See id.* § 27.010. Among them is the commercial speech exemption. *Id.* § 27.010(b). It states that the TCPA does not apply to, and therefore is not a vehicle to achieve dismissal of, a legal action brought against a person "primarily engaged in the business of selling or leasing goods or services," if the statement or conduct connected to the exercise of one of the statutory rights "arises out of the sale or lease of goods, services, . . . or a commercial transaction in which the intended audience is an actual or potential buyer or customer." *Id.*; *Kasseb*, 2020 WL 5552459, at *4. The party asserting the commercial speech exemption has the burden to prove that the exemption applies to the communications at issue. *See Kasseb*, 2020 WL 5552459, at *4.

However, a motion to dismiss that affords affirmative relief survives nonsuit. *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 468 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). TCPA motions to dismiss survive nonsuit because, unlike a nonsuit, the TCPA motion to dismiss might also allow the movant to obtain a dismissal with prejudice, attorney's fees, or sanctions. *Id.*; *Abatecola v. 2 Savages Concrete Plumbing, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at * 13 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.); *see CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013).

## C. Discussion

Here, Kocaoglan's motion to dismiss would survive the nonsuit because it may entitle him to attorney's fees or sanctions. *Gaskamp*, 596 S.W.3d at 468. In 2019, the

7

Texas Legislature amended the TCPA, but the amendments apply only to "an action filed on or after" September 1, 2019. *City of Port Aransas v. Shodrok*, 2019 WL 6205466, at *1 n.2 (Tex. App.—Corpus Christi–Edinburg Nov. 21, 2019, no pet.) (quoting Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687). For any suit filed before that date—like this case, which was filed in August 2019—the prior version of the statute applies. *Shodrok*, 2019 WL 6205466, at *1 n.2. The previous version of the TCPA stated:

> (a)   If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:
>
> > (1)   court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and
> >
> > (2)   sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.
>
> (b)   If the court finds that the motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

TEX. CIV. PRAC. & REM. CODE § 27.009(a), (b).

Statutes providing that a party "may recover," "shall be awarded," or "is entitled to" attorney's fees mean the fees are not discretionary but mandatory. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Under this previous TCPA section, Kocaoglan would have been entitled to attorney's fees if the trial court had granted his motion to dismiss. However, in order to show any affirmative relief, Kocaoglan would need to show that the TCPA applies to the legal action at hand and that Sanchez did not make a prima facie

case by clear and specific evidence. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b), (c); *Kassab* 2020 WL 5552459, at *3; *In re E.I. DuPont de Nemours & Co*, 136 S.W.3d at 223.

It is the appellant's burden to bring forward an appellate record showing reversible error. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.); *Magellan Terminal Holdings, L.P. v. Vargas*, No. 13-19-00354-CV, 2020 WL _____ (Tex. App.—Corpus Christi–Edinburg Dec. __, 2020, no pet. h.). Without a complete reporter's record, it is impossible to review all the evidence presented to the trier of fact or to apply the appropriate sufficiency standards. *Sareen*, 350 S.W.3d at 317. Therefore, when an appellant files a partial reporter's record, a presumption arises that the missing portions of the reporter's record support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002) (explaining that, absent complete record on appeal, the court of appeals must presume the omitted items supported the trial court's judgment); *see also Bulthuis v. Avila*, No. 13-13-00717-CV, 2015 WL 9487472, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 29, 2015, pet. denied) (mem. op.). An appellant can avoid this presumption by complying with Texas Rule of Appellate Procedure 34.6(c), which requires that the appellant include in his request for a partial reporter's record "a statement of the points or issues to be presented on appeal[.]" TEX. R. APP. P. 34.6(c)(1). When this requirement is met, the appellate court must presume the partial record constitutes the entire record with respect to the issues raised on appeal. *Id.* R. 34.6(c)(4).

Kocaoglan and Trejo have not filed a complete reporter's record—the record only includes the direct examination testimony of Kocaoglan and Trejo. Although Kocaoglan

9

and Trejo did request a partial reporter's record with a statement of the points to be argued as per Rule 34.6(c)'s requirements for filing a partial reporter's record, they also challenged Sanchez's evidence, which we do not have within the record presented to this Court. *See id.* R. 34.6(c). Therefore, Kocaoglan and Trejo needed to provide this Court with proof that Sanchez did not present sufficient evidence to support his prima facie case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b), (c); *In re E.I. DuPont*, 136 S.W.3d at 223; *Kassab* 2020 WL 5552459, at *3. Accordingly, we must presume that the omitted portions of the reporter's record support the trial court's determination that Sanchez met his burden and the denial of Kocaoglan and Trejo's motion to dismiss was appropriate. *See Bennett*, 96 S.W.3d at 229 ("There is no question that, had [the appellant] completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment."). Kocaoglan and Trejo's assertion that the trial court erred by denying the motion to dismiss, therefore, is insufficient on the record before us. Presuming, as we must, that the missing portions of the record support the trial court's order, we overrule Kocaoglan and Trejo's issues. *See id.*

## IV. CONCLUSION

We affirm the trial court's denial of the motion to dismiss.

GINA M. BENAVIDES
Justice

Delivered and filed the
14th day of January, 2021.