

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00227-CV

Kevin **HEADY**,
Appellant

v.

Julieta Fuentes **HEADY**,
Appellee

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 19-06-37527-MCVAJA
Honorable Amado J. Abascal III, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:   Rebeca C. Martinez, Chief Justice
   Irene Rios, Justice
   Lori I. Valenzuela, Justice

Delivered and Filed: January 31, 2024

AFFIRMED

In this appeal from a final decree of divorce, appellant Kevin Heady challenges the trial court's order of possession of his children. Kevin argues the trial court erred when it did not grant him extended standard possession under sections 153.317 and 153.3171 of the Texas Family Code. We affirm.

### BACKGROUND

Kevin and appellee Julieta Fuentes Heady were married on June 22, 2013 and ceased living together as husband and wife in June 2019. Kevin and Julieta have two minor children. Julieta

filed for divorce on June 20, 2019. On July 16, 2019, Kevin filed an answer and counterpetition for divorce. The parties agreed to a non-jury trial, and the trial court held a final hearing on December 16, 2020. Apparently, the parties disagreed on the outcome of several issues following the final hearing and the trial court held several hearings over the next year as the parties sought clarification on the trial court's oral ruling at the final hearing. The trial court signed a final decree of divorce on January 19, 2022 that stated the divorce decree was "judicially PRONOUNCED AND RENDERED . . . on December 16, 2020 and further noted on the court's docket sheet on the same date, but signed on January 19, 2022."

The divorce decree named the parents joint managing conservators of the children and named Julieta as the conservator with the right to designate the children's primary residence. Relevant to this appeal, the trial court ordered "that the conservators shall have possession of the children at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the children under the specified terms set out in this Standard Possession Order." *See generally* TEX. FAM. CODE ANN. §§ 153.3101–153.316 (codifying terms of the standard possession order). Kevin did not request findings of fact and conclusions of law nor did he bring forward the transcript of the final hearing held on December 16, 2020; instead, the only portion of the reporter's record that Kevin designated was a hearing held on December 20, 2021 wherein the parties disputed how some of Kevin's employment benefits should be divided.

Kevin appeals.

## DISCUSSION

In his first issue, Kevin argues he is automatically entitled to an extended standard possession order under section 153.3171 of the Texas Family Code because he lives less than fifty miles from the children's primary residence. In his second issue, Kevin argues he made an election

for an extended standard possession order under section 153.317 of the Texas Family Code and the trial court's decision not to include these extended possession times in its order is an abuse of discretion.

## STANDARD OF REVIEW

"Trial courts have wide discretion regarding custody, control, possession, support, and visitation matters involving children." *In re E.B.*, No. 04-13-00039-CV, 2014 WL 2547598, at *4 (Tex. App.—San Antonio June 4, 2014, no pet.) (mem. op.). "We review a trial court's decision on custody, control, possession, and visitation matters for an abuse of discretion; and we reverse a trial court's order only if we determine, from reviewing the record as a whole, that the trial court's decision was arbitrary and unreasonable." *Id.* Thus, we will reverse only if the trial court abused its discretion by acting without reference to any guiding rules or principles. *Id.*

## TEXAS FAMILY CODE § 153.3171

Subsection 153.3171(a) of the Texas Family Code states, "if the possessory conservator resides not more than [fifty] miles from the primary residence of the child, the [trial] court shall alter the standard possession order . . . to provide that the conservator has the right to possession of the child as if the conservator had made the elections for alternative beginning and ending possession times under" section 153.317. TEX. FAM. CODE ANN. § 153.3171(a). In other words, subsection 153.3171(a) mandates the trial court render the extended standard possession order if the possessory conservator lives within fifty miles of the child's primary residence. *Id.* However, subsection (a) does not apply if:

(1)     the possessory conservator declines one or more of the alternative beginning and ending possession times under [s]ubsection (a) in a written document filed with the court or through an oral statement made in open court on the record;

(2)    the court is denying, restricting, or limiting the possessory conservator's possession of or access to the child in the best interest of the child under [s]ection 153.004; or

(3)    the court finds that one or more of the alternative beginning and ending possession times under [s]ubsection (a) are not in the best interest of the child, including:

    (A)    because the distances between residences make the possession schedule described by [s]ubsection (a) unworkable or inappropriate considering the circumstances of the parties or the area in which the parties reside;

    (B)    because before the filing of the suit, the possessory conservator did not frequently and continuously exercise the rights and duties of a parent with respect to the child; or

    (C)    for any other reason the court considers relevant.

*Id.* § 153.3171(b).

Section 153.3171 took effect on September 1, 2021 and applies to a suit affecting the parent-child relationship that is pending in a trial court on that date. Act of June 16, 2021, 87th Leg., R.S., ch. 896, §§ 5, 6, 2021 Tex. Gen. Laws 5478, 5519 (codified at TEX. FAM. CODE § 153.3171); *see also In re K.S.L.*, No. 05-22-00084-CV, 2023 WL 2009985, at *5 n.1 (Tex. App.—Dallas Feb. 15, 2023, no pet.) (mem. op.) ("Section 153.3171 of the Texas Family Code . . . applies to a suit affecting the parent-child relationship that is pending in the trial court on the effective date of the Act.").

The parties dispute whether section 153.3171 applies to the case at bar. Julieta argues the trial court orally pronounced and rendered its ruling at the final hearing on December 16, 2020 as memorialized in the final decree of divorce. *See Gamboa v. Gamboa*, 383 S.W.3d 263, 270 (Tex. App.—San Antonio 2012, no pet.) ("Judgment is rendered when the decision is officially announced either orally in open court or by a memorandum filed with the clerk."); *see also Howe v. Howe*, 551 S.W.3d 236, 260 (Tex. App.—El Paso 2018, no pet.) (holding the earlier date a final ruling was judicially pronounced and rendered controls over the date the decree was signed when the decree recites that the divorce ruling was judicially pronounced and rendered on the earlier

date). Julieta argues that because the trial court pronounced and rendered its final ruling on December 16, 2020, the case was no longer pending on September 1, 2021, when section 153.3171 took effect. Kevin, on the other hand, argues the trial court did not render a final ruling on December 16, 2020, because the parties continued to litigate essential issues in subsequent hearings. *See Gamboa*, 383 S.W.3d at 270 ("In order to be an official judgment, the trial court's oral pronouncement must indicate an intent to render a full, final, and complete judgment at that point in time."). Therefore, Kevin argues, the case was pending until the trial court signed the final decree of divorce on January 19, 2022. Because it is not necessary to resolve this dispute to affirm the trial court's order granting standard possession as opposed to extended standard possession, we assume without deciding section 153.3171 applies to this case.

Assuming section 153.3171 applies to this case, the evidence would have to show that Julieta and Kevin lived within fifty miles of each other and that none of the reasons listed in subsection 153.3171(b) precluded the application of subsection 153.3171(a)'s requirement that the trial court render an extended standard possession order. TEX. FAM. CODE ANN. § 153.3171.

The only portion of the reporter's record that Kevin brought forward in this appeal was a transcript from a hearing on December 20, 2021, wherein the parties argued over how Kevin's retirement and employment benefits should be divided between the parties. The parties did not discuss possession or where the parents resided in that hearing. Although he was entitled to findings of fact and conclusions of law upon request, the record does not reflect that Kevin ever requested findings of fact or conclusions of law. *See* TEX. FAM. CODE ANN. § 153.3171(c) ("On the request of a party, the court shall make findings of fact and conclusions of law regarding the order under this section.").

"It is the appellant's burden to bring forward an appellate record showing reversible error by the trial court." *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no

pet.). Where an appellant has failed to request fact findings, the reviewing court will review the record in the light most favorable to the judgment, imply all findings necessary to support the judgment, and uphold the judgment on any legal theory that finds support in the evidence. *In re S.H.*, 590 S.W.3d 588, 594 (Tex. App.—El Paso 2019, pet. denied). "Where the pertinent evidence is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment." *Thottam v. Joseph*, No. 01-13-00377-CV, 2015 WL 1632454, at *4 (Tex. App.—Houston [1st Dist.] Apr. 9, 2015, pet. denied) (mem. op.) (citing *Enter. Leasing Co. of Hous. v. Barrios*, 156 S.W.3d 547, 550 (Tex. 2004)).

Here, Kevin has failed to bring forward an appellate record showing reversible error occurred. Subsection 153.3171(a) only applies if there is sufficient evidence that Kevin and Julieta live not more than fifty miles from each other. *See id.* § 153.3171(a). There is no evidence in the record indicating the distance between Kevin's and Julieta's homes. Further, without a complete reporter's record we cannot determine whether Kevin declined through an oral statement made in open court on the record one or more of the alternative beginning and ending possession times of the extended standard possession order outlined in subsection 153.317(a). *See id.* § 153.3171(b)(1) (providing subsection 153.3171(a) does not apply if "the possessory conservator declines one or more of the alternative beginning and ending possession times under [subsections 153.317(a)(1)(C), (2)(C), (3), (4), (5), (6), (7)(C), (8), and (9)] in a written document filed with the court or through an oral statement made in open court on the record"). Because Kevin has failed to request findings of fact and conclusions of law, we must imply all findings necessary to support the trial court's judgment. *See S.H.*, 590 S.W.3d at 594. And, because pertinent evidence supporting Kevin's position is not included in the appellate record, we must presume that the omitted evidence supports the judgment. *See Thottam*, 2015 WL 1632454, at *4 (citing *Barrios*, 156 S.W.3d at 550). Thus, we must imply the trial court found either Kevin lives more than fifty

miles from Julieta's home—the children's primary residence—or that Kevin declined one of the alternative possession times listed in subsection 153.317(a).[1]

Accordingly, we overrule Kevin's first issue.

### TEXAS FAMILY CODE § 153.317

Subsection 153.317(a) of the Texas Family Code provides that "[i]f elected by a conservator," the trial court shall alter the standard possession order to provide for extended standard possession by ordering the alternative beginning and ending possession times listed in that subsection. *See* TEX. FAM. CODE ANN. § 153.317(a). "A conservator must make an election under [s]ubsection (a) before or at the time of the rendition of a possession order[,]" and "[t]he election may be made: (1) in a written document filed with the court; or (2) through an oral statement made in open court on the record." *Id.* § 153.317(b).

Kevin argues he made an oral election for extended standard possession at the final hearing on December 16, 2020. As mentioned above, Kevin failed to bring forward the transcript of that hearing to be included as part of the appellate record. *Sareen*, 350 S.W.3d at 317 ("It is the appellant's burden to bring forward an appellate record showing reversible error by the trial court."). In his reply brief, Kevin argues his oral election for extended standard possession is

---

[1] The trial court's order denying Kevin's motion for reconsideration states:

> The Court finds that at the trial on the merits, the Court did not make a finding that it would not be in the best interest of the children that [Kevin] be granted the election for Extended Standard Possession.

> The Court finds that [Kevin] failed to make an election under section 153.317(a) [of the Texas Family Code] before or at the time of the rendition of the possession order as required under section 153.317(b) [of the Texas Family Code]. Therefore, the Court at the time of rendition did not make a finding as to whether the election was or was not in the best interest of the children. Accordingly, the request for Extended Standard Possession is denied.

Because the trial court expressly stated in its order that it did not consider whether extended standard possession would be in the children's best interests, we decline to imply findings that the extended standard possession order would not be in the children's best interests.

contained within a partial transcript of the final hearing that was filed in the clerk's record as an attachment to his response to Julieta's motion for reconsideration of final orders. While the clerk's record is part of the appellate record, the transcript Kevin points us to is not a certified copy of the final hearing, *i.e.*, it does not contain the court reporter's certification that the transcript is a true and correct transcription of all portions of evidence and other proceedings requested by counsel. *See* TEX. R. APP. P. 35.3(b) ("The official or deputy reporter is responsible for preparing, certifying, and timely filing the reporter's record if: (1) a notice of appeal has been filed; (2) the appellant has requested that the reporter's record be prepared; and (3) the party responsible for paying for the preparation of the reporter's record has paid the reporter's fee . . . ."). Moreover, it is a partial transcript that only contains portions of what appears to be counsel's closing argument.

We question whether it is proper for us to consider this partial, uncertified transcript to show that Kevin made an election for extended standard possession under section 153.317. *See Kanan v. Plantation Homeowner's Ass'n, Inc.*, No. 13-11-00282-CV, 2012 WL 593067, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 21, 2012, order) (denying in part appellants' motion "insofar as it seeks to file an uncertified copy of the reporter's record"); *Thomson v. Riley*, No. 01-05-00421-CV, 2005 WL 3560617, at *1 n.1 (Tex. App.—Houston [1st Dist.] Dec. 29, 2005, no pet.) (mem. op.) ("Under Texas Rule of Appellate Procedure 35.3(b), it is the responsibility of the court reporter—not the appellant—to file the reporter's record."). Nevertheless, this partial, uncertified transcript reveals that Kevin requested a "50/50 access schedule" with either a "week on, week off, [or] two-two-three" possession schedule. We need not decide whether it is necessary to consider the uncertified, partial transcript because Kevin's original counterpetition for divorce also requested "the terms and conditions of the parties' possession of and access to the children be split 50/50."

Without citing authority, Kevin asserts—to make an election under section 153.317—he was only required to "make [a request] asking for possession and access greater than that provided in a [standard possession order], and to make such statement before the possession order is rendered." We disagree.

Although there are no magic words to make an election under section 153.317, the election must be specific enough to give the trial court and the opposing party notice of what is being requested. *See Cruz v. Cruz*, No. 04-17-00594-CV, 2018 WL 6793847, at *3 (Tex. App.—San Antonio Dec. 27, 2018, no pet.) (mem. op.) ("The record before us does not reflect, nor does [appellant] present evidence of, any election by him to be awarded an alternative standard possession order under section 153.317(a)."). The family code clearly outlines the possession schedule under a standard possession order. *See generally* Tex. Fam. Code Ann. §§ 153.3101– 153.316. Likewise, the family code clearly outlines the possession schedule under an extended standard possession order. *See generally id.* § 153.317.

In contrast, a "50/50 access schedule" is not outlined in the family code and is a completely different type of possession schedule than those schedules under a standard possession order and an extended standard possession order. *See Teneyck v. Teneyck*, No. 02-22-00437-CV, 2023 WL 5615873, at *6 (Tex. App.—Fort Worth Aug. 31, 2023, no pet.) (mem. op.) ("After the close of evidence, the trial court asked [Father] to explain why he requested a 50/50 schedule versus expanded visitation."); *In re T.E.H.*, No. 05-21-00938-CV, 2022 WL 17485037, at *1 (Tex. App.—Dallas Dec. 7, 2022, no pet.) (mem. op.) ("[T]he parties entered into a Rule 11 agreement stipulating that they would have a 50/50 possession and access schedule, alternating weeks of possession."); *In re M.J.*, No. 09-09-00355-CV, 2010 WL 3042438, at *3 (Tex. App.—Beaumont Aug. 5, 2010, no pet.) (mem. op.) (internal quotation marks omitted) (affirming a trial court's standard possession order although appellant requested a "50/50 split in custody" and appellee, on

the other hand, testified that "extended standard possession would be best"); *S.H.*, 590 S.W.3d at 591–92 (recognizing a difference between the extended standard possession order appellant assumed the trial court would render and the 50/50 possession schedule employing the "two/two/five/five split for possession of the children" that the trial court ordered); *see also In re Marriage of Draper*, No. 07-22-00123-CV, 2023 WL 2138964, at *2 (Tex. App.—Amarillo Feb. 21, 2023, no pet.) (mem. op.) ("Nor did the trial court implement a standard possession order. In lieu thereof, the parents [were] awarded what the court [labeled] 'Week On/Week Off' . . . or '50/50' periods of possession . . . ."); *In re V.J.A.O.*, No. 05-15-01534-CV, 2017 WL 930025, at *7 (Tex. App.—Dallas Mar. 9, 2017, pet. denied) (mem. op.) (holding the trial court did not abuse its discretion when it rendered a standard possession order rather than the 50/50, week-on/week-off arrangement requested by appellant).

Here, we conclude Kevin's general request for an undefined "50/50 access schedule" did not contain the specificity required to inform the trial court that he was making an election for an extended standard possession order with alternative beginning and ending possession times under section 153.317 because a standard possession order, extended standard possession order, and 50/50 possession order are three distinct schedules of possession. Our conclusion is further supported by the trial court's order denying Kevin's motion for reconsideration. The order denying reconsideration states: "The Court finds that [Kevin] failed to make an election under section 153.317(a) [of the Texas Family Code] before or at the time of the rendition of the possession order as required under section 153.317(b) [of the Texas Family Code]."

As mentioned above, we do not have a transcript of every hearing conducted before rendition of the final decree of divorce. Unless the rules regarding a lost, destroyed, or inaudible reporter's record apply, which they do not in this case, "the reviewing court must presume the evidence presented in the record is legally and factually sufficient to support the order or judgment

at issue." *Sareen*, 350 S.W.3d at 317; *Ruiz v. Ruiz*, No. 02-12-00136-CV, 2013 WL 530958, at *3 (Tex. App.—Fort Worth Feb. 14, 2013, no pet.) (mem. op.) (holding the reviewing court is "entitled to presume . . . that the evidence presented in the [missing] record is legally and factually sufficient to support" the trial court's order (citing *Sareen*, 350 S.W.3d at 317)); *see also* TEX. R. APP. P. 34.6(f) (providing the rules regarding a lost, destroyed, or inaudible reporter's record). Further, Kevin did not request findings of fact and conclusions of law. Therefore, it is implied that the trial court made all necessary findings of fact to support its judgment, and we must imply that Kevin did not make an oral election for extended standard possession prior to rendition of the final decree of divorce. *See In re Marriage of Harrison*, 557 S.W.3d 99, 131 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Because the record does not reflect that Kevin made an election for extended standard possession before the trial court rendered its final ruling, we hold the trial court did not abuse its discretion when it rendered a standard possession order.

Accordingly, Kevin's second issue is overruled.

### CONCLUSION

We affirm the trial court's final decree of divorce.

Irene Rios, Justice