

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00005-CV

**IN THE INTEREST OF E.K.Y.O.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-09587
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:     Irene Rios, Justice
     Lori I. Valenzuela, Justice
     Velia J. Meza, Justice

Delivered and Filed: March 11, 2026

AFFIRMED

Appellant Christopher Oliver and appellee Lacie Yanna are the parents of E.K.Y.O. In this appeal from a suit affecting the parent-child relationship ("SAPCR"), Oliver contends that the trial court erred in awarding attorney's fees, court costs, and expenses to Yanna because he filed a Statement of Inability to Afford Payment of Court Costs ("Statement"). Because Oliver did not file a Statement in this case, we affirm.

### BACKGROUND

In May 2022, Yanna initiated the underlying suit by filing a SAPCR petition to modify an existing child support obligation. The underlying SAPCR was assigned cause number 2022-CI-09587 in the trial court. In September 2024, the trial court signed a final order setting out the

parties' rights and duties. As part of the final order, the trial court found that Yanna had "incurred $20,000.00 as reasonable attorney's fees, expenses, and costs, which were necessary as support for" E.K.Y.O., and ordered Oliver to pay that amount, plus interest, in $50.00 monthly installments.

Oliver filed a motion for a new trial, arguing that, because he had filed a Statement that remained uncontested, the trial court erred in ordering him to pay $20,000.00 in attorney's fees, expenses, and court costs. Oliver attached a case summary from the district clerk for a different cause number—2022-CI-21451. On the attached case summary, which lists the case type as "Registration of Foreign Judgment," there is an entry titled "Statement of Inability to Afford Payment of Court Costs." However, the case summary does not list who filed the Statement, the Statement itself was not attached to Oliver's motion, and no Statement was filed in the trial court cause number from which this appeal arises—2022-CI-09587. Oliver's motion was overruled by operation of law. He now appeals.[1]

## APPLICABLE LAW

Rule 145 defines "costs" as "any fee charged by the court or an officer of the court, including, but not limited to, filing fees, fees for issuance and service of process, fees for copies, fees for a court-appointed professional, and fees charged by the clerk or court reporter for preparation of the appellate record." TEX. R. CIV. P. 145(a). "A party who files a statement of inability to afford costs cannot be required to pay costs . . . unless certain procedural requirements have been satisfied." *Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34, 36 (Tex. App.—San Antonio 2022, no pet.) (citing TEX. R. CIV. P. 145(a), (f)); *see also* TEX. R. CIV. P. 145(b) ("A party who cannot afford payment of court costs must file the Statement of Inability to Afford Payment of

---

[1] Yanna did not file an appellee's brief.

Court Costs approved by the Supreme Court or another sworn document containing the same information. A 'sworn' Statement is one that is signed before a notary or made under penalty of perjury."). "A trial court may order payment of costs by 'the declarant'—the party who filed the Statement—only when a motion challenging the Statement is filed and the declarant fails, at an evidentiary hearing, to establish her inability to afford costs." *In re Marriage of Duke & Terrell*, Nos. 04-23-00144-CV & 04-23-00635-CV, 2024 WL 1292414, at *1 (Tex. App.—San Antonio Mar. 27, 2024, no pet.) (mem. op.) (citing TEX. R. CIV. P. 145(e), (f)). "In addition, an order requiring the declarant to pay costs must be supported by detailed findings that [the declarant] can afford to pay costs." *In re Marriage of Duke & Terrell*, 2024 WL 1292414, at *1 (citing TEX. R. CIV. P. 145(f)(2)). An uncontested Statement filed in the trial court carries forward through appeal. *See* TEX. R. APP. P. 20.1(b)(1).

### ANALYSIS

On appeal, Oliver contends that the trial court erred in ordering him to pay $20,000.00 in attorney's fees, court costs, and expenses because he filed an uncontested Statement under Texas Rule of Civil Procedure 145. However, in the case giving rise to this appeal, trial court cause number 2022-CI-09587, Oliver did not file a form Statement approved by the Supreme Court of Texas or any other sworn statement representing that he could not pay court costs in this case. *See* TEX. R. CIV. P. 145(b); *see also* TEX. R. CIV. P. 145, cmt. 1988 ("The purpose of this rule is to allow indigents to file suit and have citation issued based solely on an affidavit of indigency *filed with the suit*.") (emphasis added); TEX. FAM. CODE § 159.609 ("A petition for modification *may* be filed at the same time as a request for registration, or *later*.") (emphasis added).

It appears that Oliver's arguments rely on a Statement he purportedly filed in cause number 2022-CI-21451, a case that is not before this court. Even if we take as true the case summary filed

with Oliver's motion for new trial and his representations that he filed the Statement listed in that cause number's case summary, Oliver has failed to cite any authority supporting the proposition that the filing of a Statement in one case extends a party's presumed indigency status to a separate case. *See* TEX. R. APP. P. 38.1(i) (requiring appellant to provide appropriate authority for its argument). Thus, because Oliver did not file a Statement in this case, he has not shown that the trial court reversibly erred in obligating him to pay the awarded attorney's fees, expenses, and costs. TEX. R. APP. P. 33.1, 44.1(a); *Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.) (appellant bears burden to bring forward record showing reversible error). Accordingly, we overrule his appellate issue.

## CONCLUSION

We affirm the judgment of the trial court.


Lori I. Valenzuela, Justice